1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gloria G. WILLIAMS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-2031.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a Social Security case in which the claimant, Gloria Williams, appeals from a summary judgment in favor of the Secretary of Health and Human Services. In seeking disability benefits, Ms. Williams claimed that depression and back pain disabled her from performing any gainful employment. The administrative law judge presiding over the case was required to consider whether the back pain Ms. Williams reported was exacerbated by her depression. We conclude that the ALJ failed properly to explore this question, and we shall therefore remand the case for further administrative proceedings.
 
 
 2
 Ms. Williams worked as a licensed practical nurse from 1972 to 1987, the last ten of those years at Henry Ford Hospital in Detroit. In October of 1984 she injured her back while lifting a comatose patient. The injury kept her out of work for fourteen months; she returned in January of 1986. In May and June of 1987 Ms. Williams' mother, father, and sister-in-law died, causing her to feel depressed. Ms. Williams returned to work for one day in August of 1987, but tried to commit suicide the next day.
 
 
 3
 She filed a claim for disability insurance benefits on January 14, 1988, asserting a disability onset date of May 25, 1987. Her claim was denied initially and upon reconsideration, whereupon Ms. Williams sought and was granted a hearing before an administrative law judge. In a decision issued on September 6, 1989, the ALJ determined that although the claimant suffered from a severe impairment and could not perform her past work, she was capable of a full range of unskilled light work. Upon review by the Appeals Council, the case was sent back to the ALJ with instructions to evaluate the credibility of the claimant's subjective complaints of pain and the possibility that her emotional problem was the basis for the pain. The ALJ then issued another decision denying benefits. Discretionary review of this decision was denied by the Appeals Council, after which Ms. Williams instituted the present lawsuit. A magistrate recommended that summary judgment be granted to the Secretary, and the district court accepted this recommendation. Judgment was entered on July 30, 1992, and this appeal followed.
 
 
 4
 In vacating the ALJ's first decision and remanding the case for an adequate assessment of the claimant's pain, the Appeals Council directed the ALJ to investigate the possibility that the claimant's depression heightened the back pain she described:
 
 
 5
 "Social Security Ruling 88-13 also provides that where medical signs and laboratory findings do not substantiate any physical impairment capable of producing the alleged pain (and a favorable determination cannot be made on the basis of the total record), the possibility of a mental impairment as the basis for the pain should be investigated."
 
 
 6
 The ALJ failed to follow the Appeals Council's direction on this point. Though the new opinion did focus on other factors specified in Ruling 88-13, it did not consider whether Ms. Williams' depression might be exacerbating her back pain. The administrative record contains a psychiatrist's opinion to the effect that the claimant's emotional problem was indeed enhancing her back pain. The ALJ should consider this report, along with any new medical evidence that may be available.
 
 
 7
 The judgment of the district court is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.